GREEN W. INGALLS, RESPONDENT, *v.* SILAS B. HAHN, APPELLANT.

*Contract to sell real estate — action by the vendee to recover damages for its breach — what he must prove.*

In this action, brought by the vendee to recover damages for the breach of a contract to sell and convey real estate, the referee found that the plaintiff was entitled to recover damages on the ground that the title offered was doubtful.

*Held,* that as this was an action at law to recover damages for the breach of the contract, that the party bringing it was required to satisfy the court that the title offered was absolutely bad; that it was not sufficient to show simply that the title was doubtful, and that the decision of the referee allowing damages to the plaintiff was erroneous.

In such an action it is necessary for the plaintiff to show either that the defendant did not own the property, or that there were liens or incumbrances upon it, or that he had refused or neglected to convey after a tender of the purchase-price and a request to convey by the plaintiff.

In an action in equity to compel a specific performance, or for relief from the contract on the ground of the uncertainty of the title offered, another and different rule applies.

APPEAL from a judgment in favor of the plaintiff entered upon a decision rendered at the Onondago Special Term, after a trial had been had of the issues involved in the action before the court without a jury.

*C. L. Stone,* for the appellant.

*Goodelle & Nottingham,* for the respondent.

MARTIN, J. :

This was an action to recover damages for the breach of a contract to sell and convey real estate. The defendant contracted " to sell and convey " to the plaintiff, " in fee simple, by a good and sufficient deed of conveyance, with covenants of warranty, free and clear from all liens, rights of dower or other incumbrances," the premises described in the contract.

On June 1, 1886, the day named in the contract for its performance the defendant offered and tendered to the plaintiff a deed of the premises, duly and properly executed and acknowledged by himself, individually and as trustee, and by his wife. This deed

the plaintiff refused to accept on the grounds: 1. That there was some doubt or uncertainty about the defendant's right or power to convey the premises. 2. That there was a local assessment which was a lien thereon. 3. That there was a question as to the title to a strip of the premises included in the description.

On the trial the validity of these objections was litigated by the parties; and the court found "that on the 1st day of June, 1886, the defendant had, in fact, a good and sufficient title to the premises in question; that the deed tendered by the defendant, if accepted, would have conveyed a good and complete title to the premises in question; that on the 1st day of June, 1886, there was, in fact, no outstanding trust, title, interest or lien impairing the defendant's title to said premises." These findings are supported by the evidence in the case; and the facts thus found must be regarded as established. Notwithstanding the fact that the court made the foregoing findings, still it held that the plaintiff was entitled to recover the sum of $1,000 paid on such contract, and $2,000 liquidated damages provided for thereby, on the ground that the title offered was doubtful. We do not think that this conclusion can be sustained.

The nature of this action should be kept in mind lest the principles governing it be confounded with those relating to actions of a different character. This is not an action to require the vendee to specifically perform his contract by accepting the title offered. Nor is it an action by the vendee asking that a court of equity relieve him from his contract upon the ground that the title offered is not free from reasonable doubt. This is an action at law to recover damages for a breach of the covenants set forth. In such an action the party bringing it must satisfy the court that the title offered is absolutely bad. It will not be sufficient to show that it is doubtful. (*Romilly* v. *James*, 6 Taunt., 263; 1 Marsh., 592; *Boyman* v. *Gutch*, 7 Bing., 379; 5 M. & P., 222; *Camfield* v. *Gilbert*, 4 Esp., 221; *O'Reilly* v. *King*, 2 Robt., 587; S. C., 28 How., 408; *M. E. Church Home* v. *Thompson*, 20 J. & S., 321; *Bayliss* v. *Stimson*, 21 id., 225.)

To enable the plaintiff to maintain this action the law requires that the defendant should be proved to have been in default in the performance of his agreement. That could only be done by proof

that the defendant did not own the property, that there were liens or incumbrances upon it, or that he had refused or neglected to convey after a tender of the purchase-price and request by the plaintiff. Proof of one or the other of these facts was necessary to entitle the plaintiff to recover the damages awarded. (*Walton* v. *Meeks*, 41 Hun, 311, 314, and cases cited ; *Murray* v. *Harway*, 56 N. Y., 337, 344.) The cases cited by the respondent are not in conflict with this doctrine. In an action in equity, to compel a specific performance, or for relief from a contract on the ground of the uncertainty of the title offered, another and different rule applies. Such are the cases cited.

In this case there was not only an absence of proof that the defendant's title to the property in question was defective, or that the defendant was in default in the performance of his agreement, but it was affirmatively proved that he tendered, in performance on his part, a conveyance which would have transferred to the plaintiff a good and complete title of the premises, free from outstanding trust, title, interest or lien.

Under these circumstances we think the plaintiff in this action was not entitled to recover, and that the judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment reversed on the exceptions and a new trial ordered, with costs to abide event.